UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KEVIN E. DAVIS, SR.,

      Plaintiff,

v.                                      Case No. 1:11-cv-254-MP-GRJ

US BANK NATIONAL ASSOCIATION,
et al.,

      Defendants.

_____/

## ORDER

Pending before is the Motion For Reconsideration (Doc. 27), filed by Defendant, U.S. Bank National Association ("U.S. Bank"). Plaintiff has filed a Response (Doc. 28) and therefore the motion is ripe for review.

## Discussion

U.S. Bank requests the Court to reconsider the Court's December 8, 2011 Order (Doc. 23) granting Plaintiff's Partially Unopposed Motion For Magistrate Settlement Conference (Doc. 20) because: (1) U.S. Bank did not confer with Plaintiff's counsel before the motion was filed; (2) U.S. Bank did not have the opportunity to file a written response to the motion; and (3) U.S. Bank did not consent to mediation before the magistrate judge. For the following reasons, U.S. Bank's Motion to Reconsider is due to be granted and the settlement conference before the undersigned is cancelled.

Turning first to the issue of whether the parties conferred prior to filing the motion Plaintiff's motion disclosed that two of the parties did not agree with Plaintiff's request that the undersigned conduct a settlement conference. Although the better practice would have been to conduct a discussion with opposing counsel regarding the issue of whether mediation before the magistrate judge would be beneficial – rather than simply

exchanging emails – the motion nonetheless, appropriately discloses that two of the defendants opposed the request. The Court, therefore, knew and understood there was some opposition to the motion.

Second, there is no dispute that U.S. Bank did not have an opportunity to file a response to the motion because the Court granted the motion the same day it was filed. Consequently, through no fault of Plaintiff's counsel, Defendant U.S. Bank was deprived of the opportunity to have its position expressed to the Court. For this reason standing alone U.S. Bank's request for reconsideration is well taken.

Lastly, relying upon N.D.FL..Loc. Rule 73.1(A)(1) U.S. Bank asserts that a settlement conference cannot be conducted by the magistrate judge where a party has not consented to the settlement conference. That is not the case. N.D. Loc.Rule 73.1(A) applies only to consent to trial before a magistrate judge and not to other duties performed by magistrate judges. Pursuant to 28 U.S.C. § 636(b)(1)(A) a magistrate judge has authority to conduct any non-dispostive pretrial matter and pursuant to § 636(b)(1)(B) authority to conduct any dispostive matter upon reference or assignment from a district judge. A settlement conference by its very nature is not a dispositive proceeding because the Court does not decide any issue at a settlement conference. Further, as part of the Court's inherent authority a magistrate judge may issue an order requiring the parties with authority to settle the case to attend a pretrial conference where settlement will be discussed, *see, G. Heileman Brewing Co. V. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989), and the authority to compel an Assistant Attorney General to participate in a settlement conference to be conducted by the magistrate judge. *Scott v. United States*, 552 F.Supp.2d 917 (D. Minn. 2008). The point is that

attendance at settlement conferences is not optional nor a proceeding that a party must consent to before being required to participate. Accordingly, there is no merit to U.S. Bank's argument that it should not be required to attend a settlement conference before a magistrate judge where it has not consented.

U.S. Bank also argues that the Court should reconsider its decision to conduct a settlement conference because the undersigned may be required to rule on substantive matters in this case or possibly may be called upon to preside over this case. While a judge presiding over a case may be involved in acting in a settlement capacity in the case the determination of the ethical propriety of a judge's participation must be made on a case-by-case basis and properly should take into account the nature and degree of the judge's participation in the case and participation in the settlement discussions. *Judicial Conference of the United States, Committee on Codes of Conduct, Advisory Opinion No. 95 (1999).* U.S. Bank appropriately points out that it may be hesitant to fully participate in the exchange of confidential information during the settlement process if the undersigned is involved in making substantive rulings in this case or presiding over the matter. Because an effective mediation is in part dependent upon the willingness of the parties to openly discuss and disclose information in confidence to a mediator the Court agrees that the effectiveness of the mediation process may be compromised if the undersigned was to conduct the settlement conference. For this reason the Court determines that it would be unwise and ill-advised for the undesigned to conduct the mediation in this case and that the parties will be better served by utilizing the services of a certified private mediator to conduct the mediation in this case.

Accordingly, upon due consideration, it is **ORDERED** that:

(1)  U.S. Bank's Motion For Reconsideration (Doc. 27) is **GRANTED**.

(2)   The Court's December 8, 2011 Order (Doc. 23) granting Plaintiff's Partially Unopposed Motion For Magistrate Settlement Conference is **WITHDRAWN**. The settlement conference scheduled for February 2, 2012 is cancelled.

(3)   The parties are directed to conduct mediation before a certified private mediator on or before **February 2, 2012.**

**DONE AND ORDERED** this 13th day of December, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge