IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KEVIN E DAVIS, SR,

     Plaintiff,

v.                                  CASE NO. 1:11-cv-00254-MP-GRJ

U.S. BANK NATIONAL
ASSOCIATION, et al.,

     Defendants.

_____/

## O R D E R

This matter is before the Court on Doc. 36, Defendant Trans Union LLC's Motion For Leave For Client Representative To Attend Mediation Via Telephone. Plaintiff has filed a response, Doc. 38, and therefore this motion is ripe for review.

Defendant Trans Union LLC ("Trans Union") requests that its client representative be allowed to participate in the mediation in this case by telephone. According to Trans Union, its national counsel will attend the mediation, and because national counsel is located in Chicago, Illinois, Trans Union would incur significant expense if its counsel is required to attend personally rather than by telephone. Plaintiff opposes the request arguing that the effectiveness of the mediation would be compromised if all of the Defendants are not present.

In the Court's experience the dynamic of the mediation process is impacted where the parties (and not just the lawyers) are present. Personal attendance by the parties and/or their authorized representatives provides an opportunity to personally observe and assess the opposing party and counsel and an opportunity to hear and

understand the strengths and weaknesses of the position of the opposing party. Moreover, in most mediation sessions, mediators utilize private caucuses to provide the parties with an opportunity to disclose and discuss information which the parties do not wish to share with the opposing parties while in joint session. In this case because there are four defendants the logistics of conducting private caucuses via telephone would be impractical.

Other courts addressing this issue have commented on these and other compelling reasons for requiring the attendance of authorized representatives at settlement conferences. *See, e.g. RAAD v. Wal-Mart Stores, Inc.*, 1998 WL 272879 *6 (D. Neb. May 6, 1998).  While the Court fully appreciates the expense associated with requiring an out of town representative to attend mediation, personal participation in the mediation may save tens of thousands of dollars in fees and expenses in the long run in a case like this where mediation is conducted early in the case before significant fees have been incurred.  For these reasons, the Court concludes that an authorized representative with full authority to settle shall be personally present at the mediation conference.[1]

Accordingly, it is now **ORDERED** as follows:

1.   Defendant Trans Union LLC's Motion For Leave For Client Representative To Attend Mediation Via Telephone (Doc. 36) is **DENIED**.

---

[1] Defendant is not required to have its national counsel personally present at the mediation and national counsel may attend telephonically so long as Defendant has an authorized representative (other than its attorney) with full authority to settle present at the mediation conference.

   2.   Defendant Trans Union LLC shall have an authorized representative with full authority to settle personally attend the mediation conference to be scheduled in this case.

   **DONE AND ORDERED** this 21st day of December, 2011.

   *s/Gary R. Jones*

   GARY R. JONES
   United States Magistrate Judge